IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAQUEL BREDEMEIER,

Petitioner,

vs.

STATE OF NEBRASKA,

Respondent.

**8:26CV50**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Raquel Bredemeier's "Petition for Writ of Habeas Corpus (Neb. Rev. Stat. §§ 29-2801 to 29-2824)." Filing No. 1. Petitioner alleges she is currently incarcerated at the Nebraska Correctional Center for Women in York, Nebraska, "pursuant to Case No. CR21-35 following a conviction entered on February 01, 2024," and this Court has jurisdiction of her petition "under Neb. Rev. Stat. [§] 29-2801" as she is "being unlawfully detained due to constitutional violations that render [her] confinement illegal and the judgement fundamentally void." Filing No. 1 at 1.

The Court takes judicial notice that Petitioner previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on October 10, 2025, in Case No. 8:25CV610 (the "Prior Case"), *see* Filing No. 1, Case No. 8:25CV610, which this Court dismissed without prejudice on November 21, 2025, because Petitioner had failed to exhaust her state court remedies prior to filing her habeas petition. Filing No. 9, Case No. 8:25CV610.[1] Upon her request,

---

[1] Specifically, the Court in the Prior Case took judicial notice of Petitioner's state court records, which showed that Petitioner had not filed a motion for postconviction relief in the Nebraska state district court. Filing No. 9 at 2, Case No. 8:25CV610. As of the date of this order, Petitioner still has not filed a state postconviction motion. The Court notes that, due to the passage of time since the entry of the Court's November 21, 2025, order in the Prior Case, it appears Petitioner may now be unable to seek state postconviction relief as more than one year has passed since the mandate was entered after her direct appeal. *See* Filing No. 9 at 1–2, Case No. 8:25CV610 (noting mandate was entered December

Petitioner's deadline to file an appeal in the Prior Case was extended to February 4, 2026. Filing No. 15, Case No. 8:25CV610. Petitioner did not file an appeal in the Prior Case. Rather, she filed the present petition, which the Court construed as a new § 2254 habeas petition and docketed in this case.[2]

Given Petitioner's Prior Case and her citation of the Nebraska habeas statutes, the Court is unsure whether Petitioner truly intended to file another § 2254 petition in this Court or if she was attempting to exhaust state court remedies and filed her petition in the wrong court. If Petitioner truly seeks habeas relief under the Nebraska state statutes she cites, then she has filed her petition in the wrong court as a petition for habeas relief under Nebraska state law must be filed in Nebraska state court. *See* Neb. Rev. Stat. § 29-2801; *Anderson v. Houston,* 744 N.W.2d 410, 417 (Neb. 2008) ("[A]ny and all district courts in Nebraska have subject matter jurisdiction over habeas claims," and "an application for a writ of habeas corpus to release a prisoner confined under sentence of court must be brought in the county where the prisoner is confined." (internal quotation and citation omitted)).

Accordingly, the Court hereby notifies Petitioner that it intends to characterize her "Petition for Writ of Habeas Corpus (Neb. Rev. Stat. §§ 29-2801 to 29-2824)" as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the alternative, Petitioner may move to voluntarily withdraw her habeas corpus petition within 30 days if she does not want to proceed in this Court under § 2254. *See* *Castro v. United States,* 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before

---

11, 2024); *see also* Neb. Rev. Stat. § 29-3001(4)(a) (providing verified postconviction relief motion must be filed within one year of "the date the judgment of conviction became final by the conclusion of a direct appeal").

[2] Petitioner addressed the envelope in which she mailed her present petition to the "Eight[h] Circuit Court of Appeals" but listed the street address for this Court. Filing No. 1 at 4. Because Petitioner did not include the Prior Case number on her petition and did not label the filing as a notice of appeal, the Court construed the filing as a new habeas petition.

recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Petitioner decide to allow this action to proceed as one brought pursuant to § 2254, she should be aware of her obligation to raise all her habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244. Petitioner is also advised that a one-year limitations period applies to the filing of a § 2254 petition that typically expires, subject to certain exceptions, one year after a habeas petitioner's state court conviction becomes final. *See* 28 U.S.C. § 2244(d)(1).

In addition, if Petitioner decides to allow this action to proceed as a § 2254 habeas action, then she is encouraged to amend her pleading using the Form AO241, Petition for Writ of Habeas Corpus by a Person in State Custody, a copy of which is enclosed with this order. A habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. If Petitioner does not amend her petition and allows this case to proceed as a § 2254 habeas action, then the Court will conduct a preliminary review of the present petition, Filing No. 1.

IT IS THEREFORE ORDERED that:

1. Petitioner shall no later than **April 16, 2026,** voluntarily withdraw her pleading entitled "Petition for Writ of Habeas Corpus (Neb. Rev. Stat. §§ 29-2801 to 29-2824)" only if she does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

2.      If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, she shall have until **April 16, 2026,** to file an amended petition for writ of habeas corpus if she so chooses using the Form AO241, Petition for Writ of Habeas Corpus by a Person in State Custody. Petitioner must set forth all her claims in an amended petition for writ of habeas corpus, even those identified in her original petition.

3.      If Petitioner fails to respond to this order or file an amended petition, the Court will construe Petitioner's pleading as a petition filed pursuant to 28 U.S.C. § 2254 and conduct a preliminary review of the petition and progress this matter accordingly.

4.      The Clerk of the Court is directed to send to Petitioner the Form AO241 ("Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus").

5.      To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number (8:26CV50).

6.      The Clerk of the Court is directed to set the following pro se case management deadline: **April 16, 2026**: deadline to withdraw or amend habeas petition.

Dated this 17th day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

4