IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAQUEL BREDEMEIER,

Petitioner,

vs.

STATE OF NEBRASKA,

Respondent.

**8:26CV50**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's status report dated July 18, 2026, and received by this Court on July 30, 2026. Filing No. 12. Upon consideration, the Court will require Petitioner to show cause why the stay should not be lifted for her failure to pursue state postconviction remedies in accordance with the Court's order staying this matter.

On May 15, 2026, the Court granted Petitioner's motion to stay these proceedings and directed Petitioner to pursue state remedies by July 14, 2026, and to file a written status report by July 21, 2026, advising the Court whether she pursued state court remedies. Petitioner indicates in her status report that she "sent [her] Post Conviction packet into the Jefferson County District Court." Filing No. 12. Petitioner's state court records, however, show that Petitioner did not file a state *postconviction* motion by July 14, 2026.[1] Rather, Petitioner filed a habeas petition in the Jefferson County District Court using

[1] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *Raquel Bredemeier v. State of Nebraska*, Case No. CI26-109, District Court of Jefferson County, Nebraska, and *State v. Raquel Bredemeier*, Case No. CR21-35, District Court of Jefferson County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. Relevant state court records are attached to this order.

a federal court form for a petition under 28 U.S.C. § 2254. Her state habeas petition essentially mirrored her amended petition filed in this case. *Compare* Filing No. 10, *with* Filing No. 13-1 (petition filed July 20, 2026, in Jefferson County District Court case CI26-109). On July 29, 2026, the state district court denied the petition. *See* Filing No. 13-2 (July 29, 2026, Jefferson County District Court Order in CI26-109). A review of Petitioner's state court records also shows that Petitioner has not filed a motion for state postconviction relief in her Jefferson County District Court criminal case, CR21-35, that is the subject of this federal habeas action. *See* Filing No. 13-3 (JUSTICE record for *State v. Raquel Bredemeier*, CR21-35, District Court of Jefferson County, Nebraska); *see also* Neb. Rev. Stat. § 29-3001(1) (providing that a prisoner seeking postconviction relief should file a verified motion in the court which imposed the prisoner's sentence).

In granting Petitioner's request to stay this case, the Court concluded that state postconviction relief remained available to Petitioner to exhaust her newly-discovered investigation bias claim based on her allegations that the claim "could not have been discovered through the exercise of due diligence until approximately August 2025." Filing No. 11 at 7; *see also* Filing No. 9 at 2 (referring to newly-discovered evidence dated Aug. 25, 2025). Thus, it appears Petitioner may yet still file a timely postconviction motion under Neb. Rev. Stat. § 29-3001(4)(b) to exhaust this claim, but she has not done so and time is running out.

Accordingly, the Court will require Petitioner to show cause within 30 days why the Court should not lift the stay in this case and progress this matter to final resolution due to her failure to pursue available state postconviction remedies by the July 14, 2026, deadline. If Petitioner pursues state postconviction remedies by filing a verified postconviction motion in

accordance with Neb. Rev. Stat. § 29-3001 within the next 30 days, then Petitioner must inform the Court in writing.

IT IS THEREFORE ORDERED that:

1. Petitioner shall have until **September 8, 2026**, to file a written response showing cause why the Court should not lift the stay in this case and progress this matter to final resolution for her failure to pursue available state postconviction remedies by July 14, 2026. If Petitioner pursues state court remedies prior to September 8, 2026, then she must advise the Court of that fact in writing prior to the September 8, 2026, deadline.

2. The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 8, 2026**: deadline for Petitioner's response to show cause order.

Dated this 6th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge