IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAQUEL BREDEMEIER,

Petitioner,

vs.

STATE OF NEBRASKA,

Respondent.

**8:26CV50**

**MEMORANDUM AND ORDER**

This matter is before the Court on a letter from Petitioner Raquel Bredemeier filed on September 23, 2026, Filing No. 14, which the Court construes as a response to the Court's August 6, 2026, show cause order, *see* Filing No. 13. As explained below, the Court finds Petitioner has failed to show cause for her failure to pursue state postconviction relief in accordance with the Court's order staying this case and the Court will lift the stay and progress this matter to final resolution.

## I. PETITIONER'S RESPONSE TO SHOW CAUSE ORDER

The Court stayed this case on May 15, 2026, at Petitioner's request and gave her until July 14, 2026, to exhaust her investigation bias claim by filing a motion for postconviction relief under Neb. Rev. Stat. § 29-3001. Filing No. 11. However, Petitioner did not file a state postconviction motion in her Jefferson County District Court criminal case, CR21-35, by July 14, 2026; rather, she filed a habeas petition in the Jefferson County District Court using a federal court form for a petition under 28 U.S.C. § 2254, which the state district court construed as a petition for a writ of habeas corpus under Nebraska law and denied on July 29, 2026. *See* Filing No. 13 at 1–2; *see also* Filing No. 13-1; Filing No. 13-2. On August 6, 2026, the Court

ordered Petitioner to show cause by September 8, 2026, why the Court should not lift the stay in this case and progress this matter to final resolution due to her failure to pursue available state postconviction remedies by July 14, 2026. Filing No. 13. On September 23, 2026, the Court received Petitioner's letter in response to the Court's show cause order in which she indicates she "sent what was given to [her] from the prison's legal library to the Jefferson District Court[ and] was told it was the paper [she] needed." Filing No. 14 at 1. Petitioner also generally indicates that she does not know what she is doing and asks the Court to tell her what next steps she should take and to send her the proper paperwork that she needs to send to the state court. Filing No. 14 at 3.

As an initial matter, the Court cannot give Petitioner legal advice nor act as her legal advisor as to what specific paperwork she should file in state court to exhaust her unexhausted claim. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013) *(*citing *McKaskle v. Wiggins,* 465 U.S. 168, 183–84 (1984)) ("[T]here is no case law requiring courts to provide general legal advice to pro se parties. In a long line of cases, the Supreme Court has repeatedly concluded that courts are under no such obligation."). That being said, the Court granted Petitioner's motion to stay this case so that she could pursue available state postconviction remedies, specifically *by filing a motion for postconviction relief under Neb. Rev. Stat. § 29-3001*. *See* Filing No. 11 at 8–10. The Court further informed Petitioner in the August 6 show cause order that, even though Petitioner did not file a state postconviction motion in her state criminal case, CR21-35, by July 14, 2026, it appeared she still had time to file a verified postconviction motion in accordance with Neb. Rev. Stat. § 29-3001 and that, if she did file such a motion, she must inform the Court. Filing No. 13 at 2–3. Thus, the Court's orders informed Petitioner that

she needed to file a verified motion for postconviction relief under Neb. Rev. Stat. § 29-3001 in CR21-35 in order to exhaust her unexhausted habeas claim.

Even though Petitioner generally indicates that she does not know what she is doing, the Court informed Petitioner multiple times that she needed to exhaust her habeas claims by seeking state postconviction relief under Neb. Rev. Stat. § 29-3001. *See* Filing No. 11 at 8–10; Filing No. 13 at 2–3; *see also* Filing No. 9 at 2–3, Case No. 8:25CV610 (finding Petitioner did not exhaust her available state court remedies because she did not file a motion for post-conviction review in the state courts, citing to CR21-35). Given these multiple advisements, the Court finds that Petitioner's response professing her general ignorance of what she needs to do is insufficient to establish good cause for her failure to file a state postconviction motion relief under Neb. Rev. Stat. § 29-3001 by July 14, 2026, or as of the date of this order.[1]

Because Petitioner failed to pursue her available state court remedies within a reasonable time of the Court's order staying this case, and because it appears a state postconviction motion filed now would be untimely, *see* Filing No. 13 at 2, the Court concludes a *Rhines* stay is no longer appropriate. Accordingly, the Court will lift the stay and progress this matter to final resolution.

To be clear, the Court makes no finding at this time whether Petitioner is absolutely barred from filing a state postconviction motion. If Petitioner later files a state postconviction motion while this case is pending, then she

[1] Petitioner's state court records in *State v. Raquel Bredemeier*, CR21-35, District Court of Jefferson County, Nebraska, remain unchanged since the Court last viewed them on August 5, 2026, *see* Filing No. 13-3, and show that Petitioner still has not filed a verified motion for postconviction relief in that case. *See* https://www.nebraska.gov/justice/case.cgi (last visited Oct. 7, 2026).

may file a new request to stay this case addressing the requirements for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005).

## II. PROGRESSION ORDER

As previously set forth by the Court on initial review of Petitioner's amended habeas petition, condensed and summarized for clarity, Petitioner's claims are:

Claim One: Petitioner's sentence is excessive.

Claim Two: Petitioner's counsel was ineffective for failing to investigate Petitioner's case because counsel: (1) failed to investigate possible defense witnesses from the bar and accident scene; (2) failed to obtain surveillance footage and visit the crash site; (3) failed to have a forensic toxicology expert examine and analyze Petitioner's blood sample; (4) failed to get the "black box" from Petitioner's vehicle; (5) failed to hire an accident reconstructionist or medical experts to challenge the State's timeline and "voluntary intoxication" theory; and (6) failed to develop and present mitigating information at sentencing.

Claim Three: Petitioner's counsel was ineffective because counsel's lack of diligence in timely litigating Petitioner's case prejudiced her.

Claim Four: Petitioner's counsel was ineffective because counsel failed to request to withdraw Petitioner's guilty plea prior to sentencing.

Claim Five: Petitioner's counsel was ineffective because counsel induced Petitioner to accept a plea bargain based on

false assurances that Petitioner would receive a minimal sentence.

Claim Six: Petitioner's counsel was ineffective because counsel failed to present exculpatory evidence of medical and toxicology records proving involuntary intoxication.

Claim Seven: Petitioner's conviction was obtained in violation of due process and as a result of prosecutorial misconduct because the State and law enforcement conducted a biased investigation, destroyed and falsified evidence in bad faith, and intentionally suppressed exculpatory facts.

Claim Eight: The sentencing court violated Petitioner's Eighth and Fourteenth Amendment rights because the court misapplied legal standards and ignored the lack of evidence in sentencing Petitioner.

*See* Filing No. 11 at 3–4.[2]

As the Court previously determined, these claims, when liberally construed, are potentially cognizable in federal court. However, the Court again cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. The Court will now progress this matter and direct Respondent to file a response to the amended petition.

IT IS THEREFORE ORDERED that:

1. The stay entered in this case on May 15, 2026, is lifted.

---

[2] The Court's restatement of Petitioner's habeas claims corrects a typographical error in the original statement of Claim Two listing an unnecessary subpart (7). *See* Filing No. 11 at 3.

2. In accordance with the Court's prior initial review order, *see* Filing No. 11, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

3. By **November 23, 2026**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **November 23, 2026**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the

designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. *See* the following paragraph. The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By **November 23, 2026**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional

documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **December 23, 2026**: check for Respondent's answer and separate brief.

6. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 7th day of October, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge